IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 15, 2025

**STATE OF TENNESSEE v. PAUL HAYES**

**Appeal from the Criminal Court for Shelby County**
No. 92-00689      **Chris Craft, Judge**
_____

**No. W2024-01632-CCA-R3-CD**
_____

The petitioner, Paul Hayes, appeals from the Shelby County Criminal Court's summary denial of his pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Based on our review of the record, the parties' briefs, and the applicable law, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and CAMILLE R. MCMULLEN, P.J., joined.

Paul Hayes, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Hornsby, Assistant Attorney General; and Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On May 7, 1992, the petitioner pled guilty to aggravated assault and aggravated robbery. Pursuant to the plea agreement, the petitioner received a three-year sentence for the aggravated assault conviction and an eight-year sentence for the aggravated robbery conviction, to be served concurrently.

In 1999, following the petitioner's release, he was convicted of one count of aggravated burglary and two counts of aggravated robbery, and he received an effective sentence of seventy-five years in confinement. *State v. Hayes*, No. W2001-02637-CCA-R3-CD, 2002 WL 31746693, at *1 (Tenn. Crim. App. Dec. 6, 2002), *perm. app. denied*

(Tenn. May 27, 2003). This Court affirmed the petitioner's convictions on direct appeal. *Id.* at 7. The petitioner subsequently filed a petition for post-conviction relief, alleging ineffective assistance of counsel, but he was unsuccessful in both the trial court and on appeal. *Hayes v. State*, No. W2006-02344-CCA-R3-PC, 2008 WL 199839, at *1 (Tenn. Crim. App. Jan. 23, 2008), *no perm. app. filed.* On November 23, 2015, the petitioner filed a motion to correct an illegal sentence, arguing his 1992 sentence was illegal. The trial court denied the motion, and no appeal was taken. The petitioner next filed a petition for writ of error coram nobis but was again unsuccessful. *Hayes v. State*, No. W2018-01555-CCA-R3-ECN, 2019 WL 3249898, at *4 (Tenn. Crim. App. July 19, 2019), *perm. app. denied* (Tenn. Dec. 10, 2019).

On August 21, 2024, the petitioner filed a second motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged his 1999 sentence was illegal because the trial court "used an illegal [1992] sentence as an enhancement factor to enhance all new charges." In his first motion to correct an illegal sentence, the defendant argued his 1992 sentence was illegal because he was on bond for one of the charges when the other was committed, and thus, it was illegal to run them concurrently. On September 24, 2024, the trial court denied the Rule 36.1 motion due to multiple procedural deficiencies, noting the petitioner failed to attach a copy of his judgment sheet or make a declaration whether he had filed prior motions to correct illegal sentencing. The trial court also found the "concurrent status of the 3 and 8 year sentences was to the [petitioner's] benefit and was a material component of the plea." Finally, the trial court analyzed the petitioner's motion under the habeas corpus and post-conviction statutes and determined they did not provide the petitioner relief.

## *Analysis*

On appeal, the petitioner asserts the trial court erred in summarily denying his Rule 36.1 motion. The petitioner asserts his 1999 sentence is illegal because the trial court used his 1992 sentence to improperly establish his range and enhance the sentence. The petitioner also argues the trial court's additional analysis using the habeas corpus and post-conviction statutes was improper. The State contends the trial court properly denied the petitioner's 36.1 motion.

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015) (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)). Rule 36.1(a)(1) provides that the petitioner "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. Tenn. R. Crim. P. 36.1(a)(2). If the motion

states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1 (b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Tenn. R. Crim. P. 36.1(a)(1).

As for the petitioner's issue on appeal, this Court has repeatedly held that claims regarding range classification and the application of enhancement factors are appealable errors and not cognizable in a Rule 36.1 motion. *See State v. Gayden*, No. W2024-00865-CCA-R3-CD, 2025 WL 1331615, at *2 (Tenn. Crim. App. May 7, 2025) (The petitioner's claims that the trial court misapplied enhancement factors and used the incorrect range classification were "appealable errors, not fatal errors, and would not render Petitioner's sentence illegal."), *no perm. app. filed*; *State v. Ramos*, No. M2016-CCA-R3-CD, 2017 WL 2800148, at *2 (Tenn. Crim. App. June 28, 2017) ("Finally, Defendant's claim that . . . his offender classification is incorrect is classified as an appealable error and therefore not proper for a Rule 36.1 motion."), *no perm. app. filed*; *State v. Williams*, No. W2015-00662-CCA-R3-CD, 2016 WL 1385613, at *2 (Tenn. Crim. App. Apr. 6, 2016) ("Although the Petitioner may have contested the propriety of his offender classification on direct appeal, Rule 36.1 is not an alternative mechanism to challenge the findings of the trial court."), *no. perm. app. filed*.

As a result, the petitioner's allegations, even if true, would not create fatal errors entitling him to Rule 36.1 relief. *See Wooden*, 478 S.W.3d at 595. Accordingly, the petitioner failed to state a cognizable claim for relief, and the trial court did not err by summarily dismissing the motion.

Finally, the petitioner's assertion that the trial court erred by analyzing his claims under additional statutes is also without merit. The trial court, after disposing of the petitioner's claims under Rule 36.1, simply considered the motion under additional frameworks and found they were not appropriate means of relief. The petitioner is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

s/ J. ROSS DYER

J. ROSS DYER, JUDGE